IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY SCHADE,

                Plaintiff,              OPINION AND ORDER

   v.
                                                        17-cv-649-wmc

SARAH M. SCHMEISER,

                Defendant.

---

*Pro se* plaintiff Jeremy Schade asserts claims against his former attorney Sarah M. Schmeiser based on her alleged failure to pursue timely a petition under 28 U.S.C. § 2255. (Am. Compl. (dkt. #6).)[1] While Schade is incarcerated, he is not seeking redress from a government employee, and, as such, the Prison Litigation Reform Act, 28 U.S.C. § 1915A, does not govern his claim. Nonetheless, Schade sought to proceed *in forma pauperis*, under 28 U.S.C. § 1915. As such, the court is required to screen his complaint and dismiss any portion that is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons that follow, the court will deny plaintiff leave to proceed and dismiss this lawsuit.

---

[1] In 2015, Schade filed this lawsuit in the District Court of Arizona. That court transferred this lawsuit to the Western District of Wisconsin. For reasons that are unclear, this court failed to receive notice of the decision transferring the case, and only learned of the lawsuit when Schade called to inquire about its status approximately two years after the transfer decision. The court sincerely apologizes for the delay.

ALLEGATIONS OF FACTS[2]

Plaintiff Jeremy Schade is incarcerated in a federal prison in Arizona. The court takes judicial notice that Schade was convicted in this court in 2007 and sentenced to 2,640 months of imprisonment. *United States v. Schade*, No. 06-cr-228-jcs (W.D. Wis. Apr. 25, 2007) (dkt. #22).

Schade alleges that on September 10, 2007, Attorney Sarah Schmeiser and he entered into a contractual agreement in Wisconsin to represent Schade "as a federal prisoner for a contingent fee of $2,500.00 to exercise [Schade's] rights to the courts on appeal as his Attorney." (Am. Compl. (dkt. #6) 3.) Schade also alleges that all "unearned fees were to be returned." (*Id.*) At some point, the contract was "altered by both parties to exercise said rights in the challenge of [Schade's] conviction in a 28 U.S.C. § 2255 Proceeding process, on specific issues within a specified statute of limitations." (*Id.*) Schade alleges that Schmeiser missed the statute of limitations, thereby barring his § 2255 petition.

OPINION

In his complaint, plaintiff asserts two claims: (1) denial of access to courts in violation of his rights under the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; and (2) breach of contract apparently under Wisconsin law. The court will address each in turn.

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

## I. Availability of Section 1983 Claims

Even assuming the allegations give rise to a constitutional violation, which is doubtful, plaintiff cannot assert such a claim against Schmeiser. Section 1983 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. As such, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

Schmeiser's position as a private attorney does not make her a state actor. As the United States Supreme Court explained in *Polk County v. Dodson*, 454 U.S. 312 (1981), "[i]t is often said . . . lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318; *see also Read v. Klein*, No. 99-5058, 2001 WL 20818, at *6 (10th Cir. Jan. 9, 2001) (unpublished) (finding ex-wife and attorney who served plaintiff by publication prior to divorce decree being entered were not state actors; "a private party's mere invocation of state legal procedures does not constitute joint participation and thus is not state action") (internal citation and quotation marks omitted) (citing cases); *Bernegger v. Wash. Mut., F.A.*, No. 07-C-1028, 2008 WL 4722392, at *5 (E.D. Wis. Oct. 24, 2008) (rejecting § 1983 claim brought against attorney based on statements made during the course of legal proceedings).

As such, plaintiff cannot assert a § 1983 claim against Schmeiser based on her alleged violations of his constitutional rights.

## II. State Law Claims

That leaves plaintiff's claim for breach of contract or malpractice, both arising under state law. For a federal district court to exercise jurisdiction over a stand-alone state law claim, the parties must be citizens of different states. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009); 28 U.S.C. § 1332(a). For Schade, his citizenship is determined not by where he is forced to serve his sentence, namely Arizona, but rather "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be *that* state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (quoting *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993) (emphasis in original).

In light of Schade's conviction in federal court in Wisconsin and attachments revealing that he was confined in the Rock County jail, also located in Wisconsin at the time he allegedly entered into the contractual agreement with Schmeiser (dkt. #1-1 at 1), the court infers that Schade was a citizen of Wisconsin before his incarceration in Arizona. Furthermore, because of the extensive length of his incarceration, there is no reason to seek information as to where Schade intends to live when he is released. Critically, defendant Schmeiser also appears to be a citizen of Wisconsin. Because the parties are citizens of the same state, the court lacks jurisdiction over plaintiff's state law claims.[3]

---

[3] In addition to the lack of diversity, there appears to be another jurisdictional hurdle to a malpractice claim under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Northfield Ins. Co. v. City of*

4

ORDER

IT IS ORDERED that:

1) Plaintiff Jeremy Schade's motion for leave to proceed is DENIED. Plaintiff's proposed constitutional claims are dismissed with prejudice for failure to state a claim. Plaintiff's proposed state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

2) The clerk of court is directed to close this case.

Entered this 19th day of October, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

*Waukegan*, 701 F.3d 1124, (7th Cir. 2012) (holding that *Heck* bars state malpractice claim that directly attacks the legality of plaintiff's confinement).